UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Chris Maurer,**

    **Plaintiff,**

**-v-**
    Case No. C-2-07-1142
    Judge Smith
    Magistrate Judge Kemp

**Ed Leonard, Treasurer, *et al.*,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff Chris Maurer initiated this action against Defendants Ed Leonard, Treasurer and Richard Cordray, seeking a declaratory judgment and compensatory damages for wrongful termination in violation of Ohio's public policy and retaliation in violation of the First Amendment. This matter is before the Court on Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 17). Plaintiff has filed a Memorandum in Opposition and this matter is now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I. BACKGROUND

Plaintiff Chris Maurer was employed in the Franklin County Treasurer's Office to perform Public Relations and Special Projects beginning on December 1, 1999. After successfully completing his probationary period, Plaintiff became a tax collector in the

delinquent tax division. Plaintiff was initially employed by Defendant Leonard[1], but later became the employee of Defendant Cordray after Defendant Cordray became elected as the Franklin County Treasurer in November 2002. (Compl. ¶¶ 3-4). Plaintiff was designated in the records of the Franklin County Treasurer's Office as a classified civil service employee. (Compl. ¶3).

Plaintiff describes that during his employment with the Franklin County Treasurer's Office, he performed his job duties in a highly competent manner, received pay raises, as well as commendations and acknowledgments of good service from his superiors and those with whom he interacted in government and the community, and received only minor discipline prior to his termination. (Compl. ¶ 9). Plaintiff further states that from the time he was first employed with the Treasurer's Office, he has forthrightly exercised his constitutional rights of speech and free association by asserting his independent political affiliation. (Compl. ¶ 10).

When Plaintiff Maurer was hired in 1999, he was registered as an independent voter. He was hired by Franklin County Treasurer Bobbie Hall, a republican. In 2000, Plaintiff voted in the republican primary, thus registered in the republican party. (Compl. ¶¶ 11-12). In November 2002, Defendant Richard Cordray, a democrat, was elected as Franklin County Treasurer and was sworn in in January 2003. Plaintiff claims that he asserted his classified civil service status and that Defendant Cordray was advised of Plaintiff Maurer's status and thus, could not be discharged by a new treasurer. (Compl. ¶¶ 13, 15). Plaintiff describes that during his tenure with the Franklin County Treasurer's Office under Defendant Cordray, he was subjected to

---

[1] Defendant Leonard is named in his official capacity only as a necessary and indispensable party for purposes of providing relief, such as back pay and reinstatement, and he is not accused of any wrongdoing. (Compl. ¶ 4).

harassment and undue scrutiny. (Compl. ¶ 17). On September 23, 2005, Plaintiff Maurer was "terminated without just cause in retaliation for his exercise of constitutionally protected rights of free speech and freedom of association." (Compl. ¶ 18).

Plaintiff initially filed suit against Defendants Leonard and Cordray in the Franklin County Common Pleas Court on September 24, 2007. Defendants removed the case to this Court, submitted an answer, and filed the Motion to Dismiss. Plaintiff asserts claims under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and wrongful discharge. Plaintiff also asserts wrongful discharge in violation of Ohio's public policy. Plaintiff seeks compensatory and punitive damages that he claims he incurred as a result of Defendant's retaliation, including, incurring substantial losses of past and future earnings, bonuses, deferred compensation, and other employment benefits, plus expenses and attorney fees. (Compl. ¶ 28).

Prior to filing the Complaint, Plaintiff appealed his termination to the Ohio State Personnel Board of Review. (Compl. ¶ 9). A hearing was held and an Administrative Law Judge affirmed Plaintiff's removal. The Judge found that the Franklin County Treasurer's Office proved by a preponderance of the evidence that Plaintiff engaged in immoral conduct and mistreatment and discourteous treatment of the public. The Judge determined that Plaintiff's conduct was in violation of Ohio Revised Code §124.34 and the rules, regulations, and policies of the Treasurer's Office. The Board adopted the Judge's findings and recommendation. Plaintiff appealed the decision of the State Personnel Board of Review to the Franklin County Court of Common Pleas, which affirmed the administrative decision on November 9, 2007. (Compl. ¶ 9). On September 24, 2007, Plaintiff filed this action in the Franklin County Court of Common Pleas, therefore having two actions (this case and the administrate appeal) pending in

3

the Court of Common Pleas at the same time. On November 5, 2007, Defendants removed this case to this Court. Plaintiff then appealed to the Ohio Court of Appeals, Tenth Appellate District. At the time the briefs were filed in this case, the parties were still awaiting a decision on the appeal.

## II.　STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)[2]. A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.*

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint asserting that Plaintiff's claims are barred by *res judicata*. Further, Defendants argue that Plaintiff is not an employee-at-will and, therefore, he is unable to assert a public policy discharge claim; and even if he were able to bring such a claim, he cannot prove his claim as a matter of law.[3]

---

[2] In *Bell Atlantic Corp.*, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

[3] Defendants argued in their Motion to Dismiss that Plaintiff's civil rights claim was barred by the applicable statute of limitations, but have since filed a notice of withdrawal of that argument (Doc. 20).

As a preliminary matter, Defendants have moved to dismiss or in the alternative for summary judgment. Plaintiff argues that Defendants' Motion should be considered under the strict standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires that "if matters outside the pleading are presented to and not excluded by the court" in a motion to dismiss under subsection (6), that motion "shall be treated as one for summary judgment." The rule also requires that such a motion be "disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." *See United Bhd. of Carpenters & Joiners of Am. v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991) ("Where one party is likely to be surprised by the change of proceedings, notice is required.").

In this case, the parties refer to the administrative and state court proceedings in their memoranda in support of and in opposition to the motion to dismiss. A federal court may take judicial notice of the proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, the parties have not referred to matters outside of the pleadings and Defendants' Motion will remain a Motion to Dismiss. *See Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (holding that because the movants' attachment to their motion to dismiss did not rebut, challenge, or contradict anything in the plaintiffs' complaint, it did not convert the motion to dismiss into a motion for summary judgment); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that documents whose contents are alleged in a complaint and whose authenticity is uncontested, but that are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (holding that

documents attached to defendant's motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to her claim).

## A. *Res Judicata*

Defendants argue that Plaintiff's claims in this case and those in his State Personnel Board of Review action and subsequent appeals all arise out of his termination and therefore this action is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* actually encompasses two distinct concepts. Under the principle of claim preclusion, or "true" *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Issue preclusion, or collateral estoppel, mandates that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Heyliger v. State Univ. & Community College Sys.*, 126 F.3d 849, 852 (6th Cir. 1997). Under Ohio law, issue preclusion "prevents parties or their prives from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994).[4] The obvious purpose of the doctrine of *res judicata* is to conserve judicial resources and to protect parties from the cost of litigating and relitigating the same matters in various forums. *See Allen v. McCurry*, 449 U.S. 90 (1980).

---

[4] Issue preclusion applies when the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, (3) when the party against whom [issue preclusion] is asserted was a party [or] in privity with a party to the prior action." *Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999) (*quoting Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

The Sixth Circuit employs a four-part test in determining whether *res judicata* bars claims raised in subsequent litigation. Specifically, *res judicata* applies where there exists: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Applying this test, the Court finds that all of the issues raised in this case, could have been litigated in the state action. Plaintiff, here, has attempted to couch his claims in terms of a new constitutional violation, but all the facts that form the basis of such claim stem from the same arguments presented at the administrative and state court levels.

Plaintiff argues that the state litigation before the State Personnel Board of Review and the subsequent appeals do not preclude him from filing this action because under Ohio Revised Code Section 124.03, he could not have sought relief available under Section 1983, which includes compensatory damages because the State Personnel Board is only authorized to "affirm, disaffirm, or modify the decisions of the appointing authorities or the director. . . ."

Ohio Revised Code Section 124.03, Powers and Duties of the State Personnel Board of Review, provides in pertinent part:

> (A) The state personnel board of review shall exercise the following powers and perform the following duties:
>
> (1) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D)

> of section 124.14 of the Revised Code. As used in this division, "discharge" includes disability separations.
>
> The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director, as the case may be, and its decision is final. The board's decisions shall be consistent with the applicable classification specifications.

The aforementioned Section does not place any limitations on the arguments or evidence that Plaintiff could present. Defendants argue that "[i]f Plaintiff had evidence that his termination was motivated by his political affiliation, he should have presented it in his administrative appeal." (Def.'s Reply at 5). The Court agrees.

In *Keberle v. Tyler*, 865 F.2d 1268 (6th Cir. 1988), Plaintiffs argued that there § 1983 claim should not be precluded by their earlier administrative and state court actions. The Sixth Circuit held that "subsequent § 1983 claims are precluded by prior state court litigation of the same cause of action. In support of their conclusion, the Sixth Circuit referenced some prior cases in which the same conclusion was reached. See *Campbell v. City of Allen Park*, 829 F.2d 576 (6th Cir. 1987) (holding that the subsequent § 1983 action of Debra and Dale Campbell was precluded by an earlier state court judgment in the Campbell's favor); *see also Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987) and *University of Tennessee v. Elliott*, 478 U.S. 788 (1986) (the Supreme Court held that federal courts in § 1983 actions must give preclusive effect to the findings of state administrative agencies acting in a judicial capacity if those findings would be entitled to preclusive effect in the courts of that state.).

In *Lustgarten v. Ayres*, 698 F.2d 1221 (6th Cir. Ohio 1982), the Sixth Circuit noted is has applied the doctrines of res judicata and collateral estoppel to bar 42 U.S.C. § 1983 actions, based on a final judgment of the Supreme Court of Ohio. *See Coogan v. Cincinnati Bar Ass'n.*,

9

431 F.2d 1209, 1211 (6th Cir. 1970); *see also Tonti v. Petropoulous*, 656 F.2d 212, 216 (6th Cir. 1981). In *Lustgarten*, the Sixth Circuit held that the plaintiff's procedural due process claim was fully litigated during her administrative appeal process in the Ohio courts, and therefore collateral estoppel barred relitigation of appellant' procedural due process claim. The Court in *Lustgarten* noted that plaintiff "could have raised her claims of sex and religious discrimination in the Ohio Common Pleas Court during her administrative appeal of the hospital board's adverse decision. Ohio Rev. Code § 2506.04." *Id.* The Sixth Circuit further stated that "she also could have introduced new evidence in the Common Pleas court, evidence not adduced at her administrative hearing before the hospital board, and cross-examined witnesses who testified against her at the board hearing, all to prove the discrimination claims which she seeks to raise for the first time in federal court. *See* Ohio Rev. Code §§ 2506.03(E), 2506.04." *Id.* Having found that plaintiff Lustgarten could have litigated her civil rights claims in her state administrate appeal, those claims were barred by *res judicata*.

Though Plaintiff's appeal in the Ohio Court of Appeals is still pending, that does not mean that issue preclusion is not applicable in this case. *See Leslie v. Johnson*, 2006 U.S. Dist. LEXIS 24064, 36-37 (S.D. Ohio Mar. 14, 2006), *citing Wilkins v. Jakeway*, 993 F.Supp. 635, 645-46 (S.D. Ohio 1998). In *Wilkins*, the Court held that a decision by another branch of the Court was preclusive as to a second action before the Court, even though the appeal of the first action had not been resolved. *Id.* Relying on that decision, this Court in *Leslie*, found that the decision by the administrative judge, which was ultimately affirmed by the State Personnel Board of Review is sufficiently firm to be accorded conclusive effect. Thus, Plaintiff's claims in that case were barred by *res judicata*. Similarly, the decisions by the administrative judge, the

State Personnel Board of Review and the Franklin County Court of Common Pleas are sufficient to apply *res judicata* to the Plaintiff's claims in this case.

Accordingly, we hold that Plaintiff's § 1983 claim in this case is precluded by the previous state court judgment which affirmed the State Personnel Board of Review decision. Plaintiff was terminated for allegations that his conduct constituted ". . . immoral conduct, discourteous treatment of the public, mistreatment of the public. . ." and nothing to do with the basis or reasons Plaintiff advanced for his First Amendment retaliation claim.

Even if Plaintiff's claims were not barred by collateral estoppel, Plaintiff's wrongful discharge in violation of Ohio's public policy claim also fails because Plaintiff was a classified employee. A claim for wrongful discharge in violation of public policy only applies to employees at will. *See Leininger v. Pioneer National Latex*, 115 Ohio St.3d 311 (2007) (recognizing that *Greeley* public policy claims are an exception to the at-will employment doctrine); *see also Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990).[5]

---

[5] Plaintiff also argues that Defendants removal of this action, rather than seeking joinder of the claims in the state court, constitutes waiver. However, Plaintiff has failed to cite any authority in support of this argument. (Pl.'s Memo. in Opp. at 6).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

The clerk shall remove Document 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                           */s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**